UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL MOORE, | ) | |
| | ) | Case No. 08 C 2540 |
| Plaintiff, | ) | |
| | ) | Judge Dow |
| v. | ) | |
| | ) | Magistrate Judge Cole |
| K. K. HARRIS, et al., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Chicago Police Officers Kal Harris, David Solski, Darius Ford, Reginald Malone, Brian Reed, and Kristopher Lindsay ("Individual Defendants"), by and through their attorney, Joel G. Sandoval, Assistant Corporation Counsel for the City of Chicago, respectfully submit the following answers to Plaintiff's complaint.

**COUNT I - FALSE ARREST**

1.	This action is brought pursuant to the Laws of the United States Constitution, specifically 42 U.S.C. §1983 and 1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under color of law.

    **ANSWER:** **Individual Defendants admit that this court has jurisdiction but deny any wrongful or illegal conduct.**

2.	Jurisdiction is based on Title 28 U.S.C. §1331 and §1343 and supplemental jurisdiction of the State of Illinois.

    **ANSWER:** **Individual Defendants admit that this court has jurisdiction.**

3.	The Plaintiff, DARRYL MOORE, at all relevant times, was a resident of the City of Chicago.

  **ANSWER: Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph # 3.**

  4. The Defendants, P.O. K. K. HARRIS, Star #14236 and P.O. D. A. SOLSKI, #119650, P.O. D.M. FORD # 5115, P.O. R.T. MALONE # 17484, P.O. REED # 8717, and P.O. LINDSAY # 4952, at all relevant times, were duly authorized police officers acting within their scope of employment and under color of law.

  **ANSWER: Individual Defendants admit the allegations contained in paragraph # 4 but deny any wrongful or illegal conduct.**

  5. On December 7, 2007 the Plaintiff was in his home at 239 W. 105th Street in Chicago, Illinois when his brother told him there were three unknown individuals on their front porch.

  **ANSWER: Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph # 5.**

  6. The Plaintiff questioned who they were and asked them to leave the front porch.

  **ANSWER: Individual Defendants deny the allegation contained in paragraph # 6.**

  7. The individuals told the Plaintiff they were police officers.

  **ANSWER: Individual Defendants admit that Malone and Ford told Plaintiff they were police officers.**

  8. The individuals said they would not leave so the Plaintiff called the police department to complain.

  **ANSWER: Individual Defendants deny that Malone and Ford said they would not leave the front porch and are without knowledge or information**

> sufficient to form a belief as to the truth of the remaining allegation in paragraph # 8.

9. A sergeant arrived on the scene to investigate.

> **ANSWER:** **Individual Defendants admit the allegation contained on paragraph # 9.**

10. The Plaintiff was not committing a crime or breaking any laws.

> **ANSWER:** **Individual Defendants deny the allegation contained in paragraph # 10.**

11. Without any probable cause the Defendants arrested the Plaintiff for obstructing.

> **ANSWER:** **Individual Defendants deny the allegation contained in paragraph # 11.**

12. The actions of Defendants were intentional, willful and wanton.

> **ANSWER:** **Individual Defendants deny the allegation contained in paragraph # 12.**

13. Said actions of Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

> **ANSWER:** **Individual Defendants deny the allegation contained in paragraph # 13.**

14. As a direct and proximate consequence of said conduct of Defendants, P.O. K. K. HARRIS, #14236, P.O. D. A. SOLSKI, #119650, P.O. D.M. FORD # 5115, P.O. R.T. MALONE # 17484, P.O. REED # 8717, and P.O. LINDSAY # 4952, the Plaintiff, DARRYL MOORE, suffered violation of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss pain and suffering.

> **ANSWER:** **Individual Defendants deny the allegation contained in paragraph #**

14.

## Fed. R. Civ. P. 12(b)(6) DEFENSES

1. Plaintiff is attempting to bring a false arrest claim under the 14th Amendment, which is contrary to law because the proper standing in analyzing claims for false arrest under section 1983 is the 4th Amendment and not the 14th Amendment.

2. Plaintiff has failed to allege facts sufficient to support a claim under 42 U.S.C. § 1983, for False Arrest as a matter of law against Individual Defendants.

3. An award to punitive damages would deprive Individual Defendants of due process of law in violation of the fifth and Fourteenth Amendments to the United States Constitution where:

> (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;
>
> (b) the award of punitive damages is disproportionate to actual damages.

## AFFIRMATIVE DEFENSES

1. Individual Defendants are government officials, namely police officers, who perform discretionary functions. At all times material to the event alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstance that confronted Individual Defendants could have believed their actions to be lawful, in light of established law and the information the Individual Defendants possessed. Therefore, Individual Defendants are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2. Where Individual Defendants may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of

comparative fault, in proportion to the amount of the intentional, willful and wanton or negligent conduct of the Plaintiff which was the proximate cause of his injuries or damages.

3. Individual Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Individual Defendants request trial by jury.

**WHEREFORE**, Individual Defendants request judgement in their favor and against Plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

                                                            Respectfully submitted,

                                                            /s/   Joel G. Sandoval
                                                            JOEL SANDOVAL
                                                            Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-5146
(312) 744-6566 (Fax)
Atty. No. 06290664

5